**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 13-4899**

─────────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

KEVIN LEON MORMON,

              Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paul W. Grimm, District Judge. (8:12-cr-00592-PWG-1)

─────────────

Submitted: October 31, 2014          Decided: November 12, 2014

─────────────

Before WILKINSON, MOTZ, and THACKER, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Thomas M. Donnelly, Bennett J. Wills, LAW OFFICES OF THOMAS M. DONNELLY, LLC, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Adam K. Ake, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Kevin Leon Mormon of conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2012). Mormon appeals his conviction on several grounds. We affirm.

Mormon first challenges the district court's refusal to suppress certain statements that he made to law enforcement. When considering a district court's ruling on a motion to suppress, we review the district court's legal conclusions de novo and its factual findings for clear error. United States v. McGee, 736 F.3d 263, 269 (4th Cir. 2013), cert. denied, 134 S. Ct. 1572 (2014). Where the district court denied the suppression motion, "we view the facts in the light most favorable to the Government," United States v. Black, 707 F.3d 531, 534 (4th Cir. 2013), and "defer to the district court's credibility findings." United States v. Griffin, 589 F.3d 148, 150 n.1 (4th Cir. 2009). "In considering whether a defendant's waiver [under Miranda v. Arizona, 384 U.S. 436 (1966),] is voluntary, the Court must determine whether the confession was extracted by any sort of threats or violence, [or] obtained by any direct or implied promises, however slight, [or] by the exertion of any improper influence." United States v. Holmes, 670 F.3d 586, 591 (4th Cir. 2012) (internal quotation marks omitted). "The proper inquiry is whether the defendant's will

2

has been overborne or his capacity for self-determination critically impaired." Id. (internal quotation marks omitted).

Mormon claims that his statements were involuntary because he was under emotional stress and because the federal law enforcement agents allegedly promised that he would be released if he cooperated. However, while the agents indicated that cooperation could result in Mormon's release, they expressly informed him that they could not make any promises. Moreover, Mormon's refusal to identify his supplier without an attorney present demonstrated his understanding of and ability to assert his rights. Accordingly, the district court did not err in denying the motion to suppress.

Mormon next challenges the admission of a video recording containing statements by alleged co-conspirator Ron Jura Beason. Mormon claims that this recording was not properly authenticated and that the admission of Beason's statements violated the hearsay rule and the Confrontation Clause. "We review a trial court's rulings on the admissibility of evidence for abuse of discretion, and we will only overturn an evidentiary ruling that is arbitrary and irrational." United States v. Cole, 631 F.3d 146, 153 (4th Cir. 2011) (internal quotation marks omitted). "We review alleged Confrontation Clause violations under the de novo standard of review." United States v. Lighty, 616 F.3d 321, 376 (4th Cir. 2010).

3

We conclude that the district court did not abuse its discretion in admitting the challenged recording. The testimony offered by the Government provided an adequate foundation to show that the recording was what the Government said it was. Fed. R. Evid. 901(a), (b)(1); see United States v. Vidacak, 553 F.3d 344, 349 (4th Cir. 2009) (holding that Rule 901 requires only a prima facie showing of authenticity). Next, Beason's statements were admissible under the co-conspirator exception to the hearsay rule. United States v. Graham, 711 F.3d 445, 453 (4th Cir.) (discussing Fed. R. Evid. 801(d)(2)(E)), cert. denied, 134 S. Ct. 449 (2013). The district court also correctly determined that Beason's statements were not testimonial statements to which the Confrontation Clause applied. Crawford v. Washington, 541 U.S. 36, 51-52, 56 (2004).

Mormon's final claim is that the district court erred by failing to grant a mistrial in response to the Government's allegedly improper statements during closing argument. "We review a district court's denial of a motion for a mistrial for abuse of discretion." United States v. Johnson, 587 F.3d 625, 631 (4th Cir. 2009). When the motion concerns the Government's closing arguments, "the defendant must show (1) that the prosecutor's remarks or conduct were improper and (2) that such remarks or conduct prejudicially affected [the defendant's] substantial rights so as to deprive him of a fair trial."

4

United States v. Caro, 597 F.3d 608, 624-25 (4th Cir. 2010) (internal quotation marks omitted); see United States v. Woods, 710 F.3d 195, 203 (4th Cir.) (discussing factors courts consider in determining if remarks were prejudicial), cert. denied, 134 S. Ct. 312 (2013).

The Government concedes that the challenged remarks were improper but argues that they were not prejudicial. We agree. The remarks bore little risk of misleading the jury and constituted a brief, isolated episode. The Government's proof absent the remarks was strong, and there is no evidence that the remarks were part of a deliberate plan to mislead the jury. We therefore conclude that the district court did not abuse its discretion in denying a mistrial.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED